MDL **1264**

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

NOV 27 1998

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BANKAMERICA CORPORATION | ) | |
| SECURITIES LITIGATION | ) | MDL Docket No. 1264 |

**MOTION OF PLAINTIFFS, B. EUGENE
SCHNEIDER, *ET AL.*, (1) JOINING IN
DEFENDANTS' MOTION FOR CONSOLIDATION,
(2) OPPOSING DEFENDANTS' MOTION FOR
TRANSFER OF THE CONSOLIDATED CASES TO
THE WESTERN DISTRICT OF NORTH CAROLINA,
AND (3) REQUESTING TRANSFER OF THE
CONSOLIDATED CASES TO THE EASTERN
DISTRICT OF MISSOURI FOR PRETRIAL
PROCEEDINGS**

Plaintiffs, B. Eugene Schneider, David B. Lichtenstein, Jr., Chris Masselink,

Joan M. Masselink, Joanne Minnihan, Kevin M. Minnihan, Margaret W. Rosenthal,

Robert A. Rosenthal, Elise Silverstein, Terry Silverstein, Harold Srenco, Joyce Srenco,

Pamela Wootton, and John R. Wootton, owning a total of 196,596 shares of Bank-

America Corporation common stock in their individual and representative capacities

as previously alleged, state and move as follows.

    1.    Plaintiffs have instituted suit in the United States District Court for the

Eastern District of Missouri on behalf of themselves and all other persons who owned

IMAGED NOV 30 1998

PLEADING NO. 5

## OFFICIAL FILE COPY

NationsBank Corporation stock which was exchanged for shares in the new Bank-America Corporation ("New BankAmerica") in a merger effective October 1, 1998.

2.      There are currently pending no less than twenty-one federal court actions involving, among other claims, the claims asserted in the Eastern District of Missouri.

3.      All of the pending actions have been filed as class actions, and all assert, among other allegations, that particular misrepresentations and omissions on the part of the management of the old BankAmerica Corporation violated one or more provisions of the federal securities laws.

4.      Plaintiffs Schneider, *et al.*, join in the pending motion of defendants that all of the federal securities class actions pending against New BankAmerica and other defendants, and all related federal cases which may be filed in the future, be consolidated for all pretrial proceedings, including pretrial discovery and motion practice.

5.      Plaintiffs Schneider, *et al.*, oppose the motion of defendants that upon consolidation the consolidated class actions be transferred to the United States District Court for the Western District of North Carolina for pretrial proceedings.

6.      Plaintiffs Schneider, *et al.*, move that upon consolidation the consolidated class actions be transferred to the United States District Court for the Eastern District of Missouri, Eastern Division, located in St. Louis, Missouri, for pretrial proceedings.

7.      A memorandum of support of the foregoing is filed herewith.

WHEREFORE, plaintiffs Schneider, *et al.*, pray that the Judicial Panel on Multidistrict Litigation take jurisdiction of the pending BankAmerica Corporation

securities litigations, consolidate all federal securities class actions presently pending against BankAmerica Corporation and other associated defendants, and transfer the consolidated action to the United States District Court for the Eastern District of Missouri, Eastern Division, for all further pretrial proceedings.

Respectfully submitted,

Martin M. Green

Martin M. Green (USDC EDMo #3265)
GREEN SCHAAF & JACOBSON, P.C.
7733 Forsyth Blvd., Suite 700
Clayton, Missouri  63105

314-862-6800
FAX:  314-862-1606

Attorneys for plaintiffs B. Eugene Schneider, *et al.*

RECEIVED
CLERK'S OFFICE
1998 NOV 27 A 10: 12
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

NOV 27 1998

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:                          )
                                )
BANKAMERICA CORPORATION         )
SECURITIES LITIGATION           )          MDL Docket No. 1264

**MEMORANDUM IN SUPPORT OF THE MOTION
OF PLAINTIFFS, B. EUGENE SCHNEIDER, *ET AL.*,
(1) JOINING IN DEFENDANTS' MOTION FOR
CONSOLIDATION, (2) OPPOSING DEFENDANTS'
MOTION FOR TRANSFER TO THE WESTERN
DISTRICT OF NORTH CAROLINA, AND (3)
REQUESTING TRANSFER TO THE EASTERN
DISTRICT OF MISSOURI FOR PRETRIAL
PROCEEDINGS**

Plaintiffs, B. Eugene Schneider, David B. Lichtenstein, Jr., Chris Masselink,

Joan M. Masselink, Joanne Minnihan, Kevin M. Minnihan, Margaret W. Rosenthal,

Robert A. Rosenthal, Elise Silverstein, Terry Silverstein, Harold Srenco, Joyce Srenco,

Pamela Wootton, and John R. Wootton, owning a total of 196,596 shares of Bank-

America Corporation common stock in their individual and representative capacities

as previously alleged, state in support of their motion as follows.

I.    **Consolidation of the pending actions is proper and should be granted.**

Title 28, Section 1407(a) states:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions....

It is plaintiffs' understanding that to-date there have been some twenty-one separate actions filed in at least six separate federal districts involving violations of the federal securities laws by defendant BankAmerica Corporation or its predecessors. False statements and material omissions about the financial condition of the corporation and the status and reporting of its investments in and loans to D. E. Shaw & Company ("D.E. Shaw") are specifically alleged.

All of these actions make similar allegations and concern the same transactions and occurrences.

Discovery in these actions will be extensive. Coordination of the discovery, and a centralization of the discovery motion practice, would help avoid duplicative discovery and inconsistent discovery motion rulings. *In re Air Crash Off Long Island, New York*, 965 F. Supp. 5, 8 (SDNY 1997). Coordination is appropriate even where, as here, some divergent theories of liability are asserted. *In re Airwest, Inc. Securities Litigation*, 384 F. Supp. 609, 610 (MDL 1974).

T:\BankAmerica\Pleadings\consolidation memo.wpd          2

Consequently, plaintiffs Schneider, *et al.*, concur in and join defendants' motion for consolidation of all pretrial proceedings in the multiple federal actions pending against BankAmerica Corporation and the other, related defendants.

## II. The pending action should be consolidated in the Eastern District of Missouri.

Of all the venues being advocated as the transfer venue in this case, the Eastern District of Missouri is the superior location.

First, the fourteen named plaintiffs in the *Schneider* case, owning 196,596 shares of BankAmerica stock, all reside in the Eastern District of Missouri. The *Schneider* plaintiffs own more BankAmerica stock than do the plaintiffs in all of the other cases filed to date combined. In addition, according to recent conversations with the attorneys who filed the *Williard G. Franks Trust v. BankAmerica Corporation* case in the Southern District of Illinois, their clients would be agreeable to the transfer of the consolidated actions to the Eastern District of Missouri if the case is not transferred to the Southern District of Illinois. The plaintiffs in the *Franks Trust* case own 90,200 shares of BankAmerica stock, the second largest block of BankAmerica shares owned among the named plaintiffs to date.

The Private Securities Litigation Reform Act of 1995 created the rebuttable presumption that the person or persons most qualified to serve as lead plaintiff in a federal securities class action "is the person or group of persons that ... in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii).

Together, the *Schneider* and *Franks Trust* plaintiffs own 286,796 shares of BankAmerica stock. The *Schneider* and *Franks Trust* plaintiffs jointly have, by a considerable margin, the largest financial interest of any group of persons who have asserted an interest in the relief sought by the class. At this point in time, therefore, there should be a presumption that these plaintiffs will serve as lead plaintiffs. As such, their choice of forum should be given significant weight. It would indeed be odd, and contrary to Congress's apparent intent in enacting the 1995 Act, if the lead plaintiffs would be required to litigate a class action a thousand or more miles from their homes despite their desire to prosecute the action close to home in the Eastern District of Missouri.

Thus, the first ground for transfer of this action to the Eastern District of Missouri, Eastern Division, is that the plaintiffs with the largest financial interest prefer this venue to any of the competing venues.

Second, the Eastern District of Missouri, Eastern Division, represents a central and convenient location for all of the parties, witnesses, and counsel in this case. In an action like the present, where witnesses and documents are located in various locations throughout the United States, including San Francisco and New York City, there is no single location which one can point to as being the natural location of the litigation. No matter where the case is transferred, there is going to be considerable travel involved. Transfer to St. Louis, Missouri will likely minimize the total time and expense for travel for all parties.

St. Louis is a convenient mid-way point between the two coasts. It is well-served by frequent airline flights to, among other locations, New York City and San Francisco. Because St. Louis is the hub for TWA, there are many direct flights between St. Louis and other cities. The airport is only a twenty-minute drive from the federal courthouse. The airport and downtown St. Louis are also served by a new and efficient light-rail system, enabling door-to-door travel between the airport terminal and the courthouse in under thirty minutes.

Similarly, in the Dalkon Shield litigation, 57 actions pending in 23 different districts were transferred to the District of Kansas because its geographically central location made it the most suitable district. *See In re A. H. Robins Co., Inc. (Dalkon Shield) I.U.D. Products Liability Litigation*, 406 F. Supp. 540, 543 (MDL 1975).

Third, the docket conditions in the various courts are such that this action can be handled most expeditiously in the Eastern District of Missouri. Docket conditions have repeatedly been held to be a proper consideration for determining the appropriate court to consolidate or coordinate litigation. *See In re Eastern Airlines, Inc. Flight Attendant Weight Program Litigation*, 391 F.Supp. 763, 764-65 (MDL 1975); *In re Peruvian Road Litigation*, 380 F.Supp. 796, 798 (MDL 1974); *In re Kaufman Mutual Fund Actions,* 337 F.Supp. 1337, 1340 (MDL 1972).

According to the Administrative Office of the United States Courts, the District Court for the Eastern District of Missouri enjoys a lighter caseload and a shorter average time to trial in civil cases than does the Southern or Eastern District of New

York, the Northern District of California, or the Western District of North Carolina. *See attached excerpts from statistical abstract prepared by the Administrative Office of the United State Courts.* The Eastern District of Missouri has the lowest number of cases per judge, the smallest percentage of cases pending for over three years, and the shortest time from filing to trial in civil cases of all of these Districts.

For all of these reasons, the consolidated cases should be transferred to the Eastern District of Missouri, Eastern Division.

### III. The pending actions should not be consolidated in the Western District of North Carolina.

Defendants have requested that the consolidated actions be transferred to the Western District of North Carolina. Defendants support this request by asserting that the corporate headquarters of the New BankAmerica is located in that district, that there are some defendants and witnesses located in that district, and that Old BankAmerica's files and records are being transferred from the Northern District of California, where they are currently located, to the Western District of North Carolina.

Contrary to defendants' assertions, the Western District of North Carolina is not the most appropriate forum for this case. In fact, of the various available forums, North Carolina has the least to recommend it: North Carolina is not the location the plaintiffs with the greatest financial interest would choose; Missouri is. North Carolina is not the location where any special wrongful acts took place; the misleading Prospectus was delivered throughout the country. North Carolina is not the location where most of the documents are located. North Carolina is not the location where the majority of the

parties are located. North Carolina is not the location where the majority of the witnesses are located. North Carolina does not have a central location easily accessed from all of the locations where the parties, witnesses, and attorneys are located.

Indeed, according to the complaints filed to date, none of the named plaintiffs whose addresses are stated reside in North Carolina. None of the lead counsel representing any of the plaintiffs — even those who filed suit in North Carolina — are located in North Carolina. Even defendant's counsel, Wachtell Lipton, is primarily located in New York City.

Furthermore, as far as the claims asserted by the *Schneider* plaintiffs are concerned, there is no significant nexus with North Carolina. The *Schneider* plaintiffs have asserted claims relating to the exchange ratios applied in the Old BankAmerica – NationsBank merger. Old BankAmerica, a Delaware corporation with its principal place of business in California, and its then controlling persons, also residents of California, misrepresented and omitted to disclose material information about Old BankAmerica's financial condition in issuing the Prospectus. The *Schneider* plaintiffs do not, at this time, assert any claim against the former NationsBank or its manage-ment: plaintiffs believe NationsBank was the victim, and not the wrongdoer.

Finally, the majority of the documents relevant to plaintiffs' claim are not located in North Carolina. The fact that BankAmerica is now allegedly moving its documents to North Carolina should not affect the transfer decision. Defendants should

not be able, by their after the fact actions, to enhance the alleged grounds for transfer to defendants' preferred venue.

In short, of the various venues being advocated, the Western District of North Carolina has the least to recommend it. Instead, the action should be transferred to the district the presumptive lead plaintiffs have selected — the Eastern District of Missouri.

## CONCLUSION

The actions should be consolidated and transferred for all pretrial proceedings in the United States District Court for the Eastern District of Missouri.

Respectfully submitted,

Martin M. Green (USDC EDMo #3265)
GREEN SCHAAF & JACOBSON, P.C.
7733 Forsyth Blvd., Suite 700
Clayton, Missouri  63105

314-862-6800
FAX:  314-862-1606

Attorneys for plaintiffs B. Eugene Schneider, *et al.*

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

NOV 27 1998

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: | ) | |
| BANKAMERICA CORPORATION | ) | |
| SECURITIES LITIGATION | ) | MDL Docket No. 1264 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion of Plaintiffs B. Eugene Schneider, et

al. (1) Joining in Defendants' Motion for Consolidation, (2) Opposing Defendants'

Motion for Transfer to the Western District of North Carolina, and (3) Requesting

Transfer to the Eastern District of Missouri for Pretrial Proceedings and Memorandum

in Support thereof were mailed, postage prepaid, to the following, this 25th day of

November, 1998:

Counsel for Movants BankAmerica Corporation, Hugh L. McColl, Jr., David A.
Coulter, James H. Hance, Jr. and James N. Roethe

    Warren R. Stern
    Wachtell, Lipton, Rosen & Katz
    51 West 52nd Street
    New York, New York 10019-6150

Counsel for Phyllis A. Belman

    Emery E. Milliken
    Bailey, Patterson, Caddell, Hart, Milliken & Bailey, P.A.
    301 South McDowell Street, Suite 502
    Charlotte, NC 28204-2622

Stuart H. Savett, Esq.
Savett, Frutkin, Podell & Ryan
325 Chestnut Street, Suite 700
Philadelphia, PA 19106

Richard Appleby
39 Broadway, Suite 2705
New York, NY 10006

Counsel for Herbert Braker and Shirley Chess

Emery E. Milliken
Bailey, Patterson, Caddell, Hart, Milliken & Bailey, P.A.
301 South McDowell Street, Suite 502
Charlotte, NC 28204-2622

Deborah Gross, Esq.
Christopher Reyna, Esq.
Law Offices of Bernard M. Gross
1500 Walnut Street, 6th Floor
Philadelphia, PA 19102

Counsel for Joseph Cipollino

Daniel L. Berger, Esq.
Bernstein, Litowitz, Berger & Grossman
1285 Avenue of the Americas
New York, New York 10019

Counsel for Selma Kaiser

Mark C. Gardy, Esq.
Abbey, Gardy & Squitieri
212 East 39th Street
New York, NY 10016

Faruqi & Faruqi, LLP
415 Madison Avenue
New York, NY 10017

Schiffrin Craig & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004-3481

Counsel for Richard J. Goldman

Brian Hufford, Esq.
Pomerantz, Haudek, Block, Grossman & Gross
100 Park Avenue
New York, New York 10017-5516

David Jaroslawicz
Jaroslawicz & Jaros
150 Williams Street
New York, NY 10038

Counsel for Carol Lawson

Robert C. Finkel, Esq.
Wolf Popper
845 Third Avenue
New York, NY 10022

Jeffrey C. Block, Esq.
Michael T. Matraia, Esq.
Berman, DeValerio & Pease
1 Liberty Square, 8th Floor
Boston, MA 02109

Counsel for Deborah S. Lewis and Sylvia B. Pven

    Robert Abrams, Esq.
    Wolf, Haldenstein, Adler, Freeman & Herz
    270 Madison Avenue
    New York, New York 10016

Counsel for Lani Rothstein

    Ira M. Press
    Kaufman Malchman Kirby & Squire LLP
    919 Third Avenue, 11th Floor
    New York, New York 10022

    William Lerach, Esq.
    Milberg Weiss Bershad Hynes & Lerach
    600 West Broadway, Suite 1800
    San Diego, CA 92101-5050

Counsel for Leo Luparello

    Mark C. Gardy
    Abbey Gardy & Squitieri, LLP
    212 East 39th Street
    New York, NY 10016

    James V. Bashian
    Law Offices of James V. Bashian, P.C.
    500 Fifth Avenue, Suite 2800
    New York, NY 10010

Counsel for Eugene P. Salvati

>Lee Squitieri
>Abbey Gardy & Squitieri, LLP
>212 East 39th Street
>New York, NY 10016
>
>Alfred G. Yates
>Law Offices of Alfred G. Yates, Jr.
>519 Allegheny Building
>429 Forbes Avenue
>Pittsburgh, PA 15219

Counsel for Philip Schier

>Joseph J. Tabacco, Esq.
>Berman, DeValerio, Pease & Tabacco
>425 California Street, Suite 2025
>San Francisco, CA 94104
>
>Jeffrey C. Block. Esq.
>Michael T. Matraia, Esq.
>Berman, DeValerio & Pease
>1 Liberty Square, 8th Floor
>Boston, MA 02109
>
>Stephen D. Oestreich
>Wolf Popper LLP
>845 Third Avenue
>New York, New York 10022

Counsel for T. Robert Verkouteren

> Jonathon M. Plasse
> Goodkind Labaton Rudoff & Sucharaow LLP
> 100 Park Avenue
> New York, NY 10017

Counsel for Murray Zucker

> Ms. Tzivia Brody
> Stull Stull & Brody
> Suite 500
> 6 East 45th Street
> New York, NY 10017

Counsel for Willard G. Franks Trust

> Robert J. Stein III
> Krislov & Associates, Ltd.
> 222 North LaSalle, Suite 2120
> Chicago, IL 60601

> Robert C. Wilson
> Wilson & Cape
> 105 S. Commercial
> P.O.Box 544
> Harrisburg, IL 62946

Counsel for Eugene J. Howard and Brian R. Butler

> Jeffrey G. Smith
> Wolf Haldenstein Adler Freeman & Hertz
> 270 Madison Avenue
> New York, NY 10016

Counsel for Kathryn M. Johnston

      Marvin L. Frank
      Rabin & Peckel LLP
      275 Madison Avenue, 34th Floor
      New York, NY 10016

Counsel for Michael Spitzer

      Robert J. Berg
      Bernstein, Liebhard & Lifshitz
      274 Madison Avenue, 7th Floor
      New York, NY 10016

Counsel for Walter E. Ryan, Jr.

      Clinton A. Krislov
      Krislov & Associates, Ltd.
      222 North LaSalle Street, Suite 2120
      Chicago, Illinois 60601

      Andrew J. Ogilvie
      Kemnitzer, Anderson, Barron & Ogilvie
      445 Bush Street, 6th Floor
      San Francisco, CA 94108

Counsel for Carl J. Mondello

      D. Brian Hufford
      Pomerantz Haudek Block Grossman & Gross
      100 Park Avenue
      New York, NY 10017

Andrew N. Friedman
Cohen, Milstein, Hausfeld & Toll
1100 New York Avenue, NW
Suite 500 - West Tower
Washington, DC 20005

Counsel for Eleanor Satterfield

Emery E. Milliken
301 South McDowell Street, Suite 502
Charlotte, NC 28204-2622

Jeffrey S. Nobel
Schatz & Nobel
216 Main Street
Hartford, CT 06106

Other Counsel:

Neil Rothstein, Esq.
Scott & Scott
108 Norwidge Avenue
P.O. Box 192
Colchester, Conn.  06415

Shareholder Relations Manager
Barrack, Rodos & Bacine
2001 Market Street
3300 Two Commerce Square
Philadelphia, PA 19103

_Martin M. Green_

Martin M. Green (USDC EDMo #3265)
GREEN SCHAAF & JACOBSON, P.C.
Attorneys for Plaintiffs
7733 Forsyth Blvd., Suite 700
Clayton, Missouri 63105
314-862-6800
FAX: 314-862-1606

RECEIVED
CLERK'S OFFICE
1998 NOV 27 A 10: 12
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION