MDL 1264

## WACHTELL, LIPTON, ROSEN & KATZ

MARTIN LIPTON
HERBERT M. WACHTELL
THEODORE GEWERTZ
BERNARD W. NUSSBAUM
RICHARD D. KATCHER
DOUGLAS S. LIEBHAFSKY
STEVEN M. BARNA
CHAIM J. FORTGANG
PETER C. CANELLOS
MICHAEL W. SCHWARTZ
ALLAN A. MARTIN
BARRY A. BRYER
LAWRENCE B. PEDOWITZ
ROBERT B. MAZUR
PAUL VIZCARRONDO, JR.
PETER C. HEIN
HAROLD S. NOVIKOFF
DAVID M. EINHORN
KENNETH B. FORREST
MEYER G. KOPLOW
THEODORE N. MIRVIS
EDWARD D. HERLIHY
RICHARD D. FEINTUCH
DANIEL A. NEFF
ERIC M. ROTH
WARREN R. STERN
ANDREW R. BROWNSTEIN
MICHAEL H. BYOWITZ
PAUL K. ROWE
MICHAEL B. BENNER
MARC WOLINSKY
DAVID GRUENSTEIN
PATRICIA A. VLAHAKIS

STEPHEN G. GELLMAN
SETH A. KAPLAN
BARBARA ROBBINS
STEVEN A. ROSENBLUM
PAMELA S. SEYMON
STEPHANIE J. SELIGMAN
ERIC S. ROBINSON
ELLIOTT V. STEIN
JOHN F. SAVARESE
ANDREW C. HOUSTON
PHILIP MINDLIN
DAVID S. NEILL
JODI J. SCHWARTZ
ADAM O. EMMERICH
CRAIG M. WASSERMAN
ADAM D. CHINN
GEORGE T. CONWAY III
RALPH M. LEVENE
RICHARD G. MASON
KAREN G. KRUEGER
DOUGLAS K. MAYER
DAVID M. SILK
ROBIN PANOVKA
DAVID A. KATZ
MITCHELL S. PRESSER
ILENE KNABLE GOTTS
JEFFREY R. BOFFA
DAVID M. MURPHY
JEFFREY M. WINTNER
TREVOR S. NORWITZ
BEN M. GERMANA
ANDREW J. NUSSBAUM

51 WEST 52ND STREET

NEW YORK, N.Y. 10019-6150

TELEPHONE: (212) 403-1000

FACSIMILE: (212) 403-2000

———

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)

———

COUNSEL

WILLIAM T. ALLEN
SCOTT K. CHARLES
RICHARD K. KIM*
LAWRENCE P. KING
PETER D. McKENNA

NORMAN REDLICH
JOHN M. RICHMAN
LEONARD M. ROSEN
AMY R. WOLF

January 28, 1999

Via Federal Express

Ms. LaTonya Darden
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

Supplemental Filing – In Re BankAmerica Corporation Securities Litigation (MDL Docket No. 1264)

Dear Ms. Darden:

Defendants-movants in the above captioned actions file herewith a Supplemental Filing to inform the Panel of a procedural development in one of the related actions before the Panel, Belman v. BankAmerica Corp., et. al., Civ. Action No. 98CV467MU (W.D.N.C.). In that action, Chief Judge Graham C. Mullen of the Western District of North Carolina on December 21, 1998, signed and entered a Pretrial Order and Case Management Plan (Complex Track). See Attachment (Pretrial Order).

I have enclosed the original and twelve copies of this Supplemental Filing. Please also find enclosed the original Proof of Service of this Supplemental Filing, which was served simultaneously on all counsel of record in this matter. I have also caused to be filed a copy of

IMAGED FEB 5 1999 **OFFICIAL FILE COPY**

PLEADING NO. 15

WACHTELL, LIPTON, ROSEN & KATZ

Ms. LaTonya Darden
January 28, 1999
Page 2

the Supplemental Filing with the clerk of each relevant U.S. District Court in which related actions are pending.

Please call me at the above number if we may be of further assistance with this filing.

Sincerely,

Thad A. Davis

Enclosure

cc:     Clerks, U.S. District Courts (w/enclosure)
        Hon. Lewis A. Kaplan, U.S. District Judge (w/enclosure)
        All Counsel of Record (w/enclosure)

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JAN 29 1999

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

FILED
CLERK'S OFFICE

---

------------------------------------------------------------------ x
PHYLLIS A. BELMAN,                                     :  CIVIL ACTION NO.
HERBERT BRAKER, SHIRLEY CHESS                          :  3:98CV467MU
and ELEANOR SATTERFIELD,                               :
Individually and on behalf of those similarly         :
situated,                                              :
                                                       :
                             Plaintiffs,               :  **PRETRIAL ORDER AND**
                                                       :  **CASE MANAGEMENT**
                        v.                             :  **PLAN**
                                                       :  **COMPLEX TRACK**
BANKAMERICA CORP.,                                     :
HUGH L. McCOLL, JR.,                                   :
DAVID A. COULTER,                                      :
and JAMES H. HANCE, JR.,                               :
                                                       :
                             Defendants.               :
------------------------------------------------------------------ x

**I.**

**TRACK ASSIGNMENT FACTORS**

A.    **LEGAL ISSUES:**  Plaintiffs have pleaded two classes with different causes of action arising out of the merger of old NationsBank and old BankAmerica.  Class I's causes of action arise under Section 14(a) and Rule 14a-9 of the Securities Exchange Act of 1934 ("the Exchange Act") (proxy violations) and state law fraud, deceit, negligent misrepresentation and breach of fiduciary duty.  Class II's causes of action arise under Sections 10(b) and 20(a) and Rule 10b-5 of the Exchange Act (misrepresentations of material fact) and Sections 11 and 15 of the Securities Act of 1933 (issuance of securities pursuant to registration statement).  The factual basis for each cause of action is virtually identical.  In short, these causes of action require plaintiffs to prove that defendants made misrepresentations of material fact concerning the financial condition of old BankAmerica and the combined entity.  Certain elements, primarily, reliance and scienter, vary depending on the specific cause of action.

**B.**    **REQUIRED DISCOVERY:**   Plaintiffs will serve document requests, interrogatories and requests for admission upon each defendant.   Documents will also be sought from certain third parties involved in the merger transactions.    Plaintiffs will subpoena documents from the investment bankers for old NationsBank, Merrill Lynch, Pierce, Fenner & Smith, the auditors of old NationsBank, PricewaterhouseCoopers LLP, the auditors of old BankAmerica, Ernst & Young LLP, and Goldman Sachs & Co., the investment bankers for BankAmerica.   Although BankAmerica has stated publicly that it has purchased the entire fixed income portfolio of D.E. Shaw and Co. ("D.E. Shaw") and, therefore, may have custody and control of all relevant D.E. Shaw documents, plaintiffs may need to subpoena additional D.E. Shaw documents.   In addition, plaintiffs may subpoena documents from securities analysts.  Plaintiffs will take the depositions of each individual defendant.   Furthermore, depending upon the documents to be produced and the responses to requests for admission, plaintiffs may need to depose employees, directors and agents of BankAmerica with knowledge of or responsibility for the relationship with D.E. Shaw, the establishment of the merger ratio and the dissemination of public statements concerning the merger.   Plaintiffs also may depose employees of D.E. Shaw responsible for the relationship with BankAmerica, including David Shaw, as well as employees of the investment bankers and auditors, identified above, who performed the due diligence in connection with the merger and participated in the establishment of the merger ratio.   As discovery commences and progresses plaintiff may identify additional persons whose depositions may be necessary.  Defendants will require discovery of the plaintiffs in aid of their opposition to any motions for class certification. Defendants may seek further discovery depending upon developments in the case.

**C.**    **NUMBER OF REAL PARTIES IN INTEREST**:   The named plaintiffs in this action and in any other action transferred to this Court by the Multi-District Litigation Panel, any additional class member(s) that may be appointed lead plaintiff(s), corporate and individual defendants are the real parties in interest.

D.    **NUMBER OF FACT WITNESSES:**  Plaintiffs anticipate, before the commencement of discovery, that the fact witnesses at trial might include the lead plaintiffs and the individual defendants, and such additional witnesses from among BankAmerica's employees, directors and agents who are determined to be necessary.   Defendants anticipate that the fact witnesses at trial might include certain of the individual defendants and additional witnesses from among BankAmerica's current and former employees, directors and agents.

E.    **EXPERT WITNESSES:**  Plaintiffs anticipate before the commencement of discovery, that they will need three to five experts to testify on the issues of damages, materiality and disclosure.  Defendants anticipate that they will need three to five experts to testify on the issues of damages, materiality and disclosure.

F.    **LIKELY TRIAL DAYS:**  Plaintiffs believe they can present their case in seven to ten full trial days.  Defendants believe they can present their defense in seven to ten full trial days.

G.    **SUITABILITY FOR ADR:**  The parties believe that ADR would be appropriate once defendants' motion to dismiss is decided.   At that time, appointment of a person experienced in securities class action litigation would be appropriate.

H.    **CHARACTER AND NATURE OF DAMAGE CLAIMS:**  Plaintiffs' damages arise out of the merger.  Plaintiffs believe that they and members of Class I and Class II (former NationsBank shareholders) received a smaller percentage of BankAmerica in the merger than they would have if old BankAmerica's losses from the D.E. Shaw relationship had been properly valued in fixing the exchange ratio between old NationsBank and old BankAmerica shareholders.  Consequently, plaintiffs and the members of Class I and Class II did not receive adequate consideration for their old NationsBank shares, and the merger ratio improperly deprived old NationsBank shareholders of the appropriate control premium for their shares to which they were entitled.  In addition, plaintiffs and members of Class II suffered damages when they bought Old NationsBank stock on the open market by paying an artificially high price for

-3-

those shares because the market was not aware of the losses being suffered by old BankAmerica which would improperly skew the merger exchange ratio in favor of old BankAmerica shareholders.

## II.

A.   **TRACK ASSIGNMENT**:   Based on the foregoing assignment factors, this case is assigned to the complex Differentiated Case Management Track (DCM Track).

## III.

A.   **DISCOVERY GUIDELINES**:  Plaintiffs and defendants believe that setting any limit on depositions is premature and that the parties should meet and confer to discuss the number of permitted depositions following defendants' production of documents.

B.   **RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION**: Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

C.   **THE MAINTENANCE OF DISCOVERY MATERIALS**:   Discovery materials are <u>NOT</u> to be filed.  All counsel are advised to consult the local rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be <u>served</u> on all parties, <u>they are no longer to be filed</u> unless upon order of the Court.  The parties are responsible for the preservation of any and all discovery materials they may generate.

D.   **VIDEO DEPOSITIONS**:  If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections, obtaining the Court's assistance if necessary, and edit the video accordingly so that the video may be shown without interruption.  Failure to do this prior to trial will result in objections being deemed to be waived.

E.   **PROTECTIVE ORDERS:**   Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the court on the completion of litigation.  The parties shall submit a proposed Protective Order governing the treatment of confidential information within 14 days after the Commencement Date, as defined in Paragraph IV.A.5 below.  In the event that the parties are unable to agree to an Order, each shall submit a proposed Order indicating which provisions have been agreed upon and which are in dispute within 14 days after the Commencement Date.

## IV.

A.   **DISCOVERY COMPLETION:**  In view of the pending MDL proceedings and the fact that all of the MDL constituent cases are brought under the Private Securities Litigation Reform Act of 1995 ("PSLRA") which, inter alia, imposes a stay of "all discovery and other proceedings" during the pendency of a motion to dismiss the complaint, and defendants have indicated they intend to file a motion to dismiss, the parties propose the following schedule:

1.   Plaintiffs filed their Motion for Appointment of Lead Plaintiffs and Approval of Lead Counsel on December 14, 1998.  Competing motions have been filed in this and other jurisdictions where the constituent MDL actions are pending.  Any opposition to any pending motion in this Court shall be filed on or before December 28, 1998.

2.   Upon resolution of the motions for appointment of lead plaintiff, it is expected that one or more amended complaints will be filed and served by the Lead Plaintiff(s) and their approved counsel.

3.   Defendants shall move or otherwise respond to the amended complaint(s) within thirty (30) days of service thereof.  If defendants file a motion to dismiss, plaintiffs' opposition shall be filed thirty (30) days after service of the motion.

4.    Plaintiffs have served document requests upon defendants. Defendants' time to respond to the document requests will be deemed to run from the date defendants serve their responsive pleading to the amended complaint(s) or, if defendants file a motion, the date the Court enters an order denying the motion (hereinafter "the Commencement Date").

5.    Plaintiffs may serve subpoena duces tecum upon non-parties and plaintiffs shall advise such non-parties at the time of service thereof that they should preserve the documents responsive to the subpoena without production to plaintiffs until notified of the Commencement Date.

6.    Plaintiffs shall file their motion(s) for class certification within fifteen (15) days from the Commencement Date. Defendants shall file their brief in opposition, if any, within sixty (60) days of service of the class motion. Plaintiffs shall file their reply brief within thirty (30) days of service of defendants' opposition.

7.    Merits discovery shall be concluded within nine (9) months of the Commencement Date or six (6) months after the decision on plaintiffs' motion(s) for class certification, whichever is later.

8.    Plaintiffs will serve their expert reports within thirty (30) days of the close of merits discovery. Defendants will serve their expert reports within thirty (30) days of service of plaintiffs' expert reports. Defendants may take the depositions of plaintiffs' experts within fifteen (15) days after service of defendants' expert reports and plaintiffs may take the depositions of defendants' experts within fifteen (15) days after the conclusion of plaintiffs' expert depositions.

B.    **MOTIONS DEADLINE:**  All motions except motions in limine and motions to continue shall be filed no later than thirty (30) days following the Discovery Completion Deadline set by the court. Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline. Motions in limine shall be filed no later than two (2) weeks before the first day of the term in which the case has been placed on a published trial calendar. Responses to

motions in limine shall be filed within five (5) business days of receipt of the motions in limine.

**C.** **MOTIONS HEARINGS:** Hearings on motions ordinarily will be conducted only when the Rules require a hearing, or when the papers filed in support of and in opposition to the motion to not provide an adequate basis for decision. All motions requiring a hearing will be heard as soon as is practical. The Clerk will notify all parties as far in advance as possible of the date and time set for the hearing.

## VI.

### ANTICIPATED HEARING SCHEDULES

The Court shall set an anticipated trial date at a hearing to be held within 30 days after the Commencement Date.

## VII.

### TRIAL PROCEDURES

**A.** **TRIAL SUBPOENAS:** Counsel must subpoena all witnesses <u>at least ten (10) days</u> before the first day of the term in which this case has been placed on a published trial calendar or the day on which the Clerk of Court otherwise has set the case for trial. The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

**B.** **COUNSEL'S DUTIES PRIOR TO TRIAL:**

1. <u>At least one full week</u> before the first day of the term in which this case has been placed on a published trial calendar, counsel for all parties shall:

   (a) Discuss the possibility of a settlement;

   (b) Exchange copies of exhibits or permit inspection if copying is impractical;

   (c) Number and become acquainted with all exhibits; and

(d)    Agree upon the issues, reduce them to writing and file three copies with the Court. If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court in triplicate.

2.    <u>At least three full weeks</u> before the first day of the term in which this case has been placed on a published trial calendar counsel who intends to offer portions of depositions into evidence pursuant to Rule 32 shall serve on opposing counsel such portions of deposition testimony that lie or she intends to offer into evidence as well as the basis under Rule 32(a) for the use of such depositions. Within three business days after receipt of the above, opposing counsel shall serve upon designating counsel any objections to the designated portions along with any counter designations pursuant to Rule 32(a)(4). Any objections to counter designations must likewise be served three business days after receipt of the counter designations. <u>At least one full week</u> prior to the first day of the term, counsel are directed to jointly file with the Court a copy of the designations, counter designations, and objections thereto for the Court to consider prior to trial.

C.    **COUNSEL'S FILINGS** ~~ONE~~ *Four* **WEEKS BEFORE TRIAL:**    At least ~~one~~ *Four* full weeks  before the first day of the term in which this case has been placed on a published trial calendar or the day on which the Clerk of Court otherwise has set the cases for trial, counsel for each party shall file with the <u>Clerk of Court</u> and original and two (2) copies of each of the following:

(a)    A trial brief;

(b)    A joint statement of the issues remaining for trial, if agreed upon by counsel, or if counsel cannot agree upon the issues remaining for trial, each party shall file its own statement of the issues;

(c)    In all non-jury cases, proposed Findings of Fact and Conclusions of Law;

(d)    Proposed jury instructions, as described below; and

(e)    Requests for voir dire.

**D.**    **PROPOSED JURY INSTRUCTIONS:**  If a jury trial has been requested, all counsel shall submit proposed jury instructions <u>no later than one week</u> before the first day of the term in which this case has been placed on a published trial calendar or the day on which the Clerk of Court otherwise has set the case for trial.  Additional instructions may be submitted during the trial as circumstances may require.  Counsel should number, each proposed instruction and shall submit each proposed instruction on a separate page.  Each proposed instruction should contain a supporting citation(s) as a footnote.

**E.**    **JURY VOIR DIRE:**  The Court, after consideration of the requests for voir dire submitted by counsel in compliance with Paragraph C above, shall conduct jury voir dire. Counsel will be given a limited opportunity to conduct additional voir dire, subject to the court's supervision for reasonableness and relevance.

**F.**    **SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING:** If any party fails to comply timely with any provisions of Paragraphs 8, C and D above, the Court <u>will</u> impose sanctions as the Court deems appropriate within the Court's power to do.

**G.**    **COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL:**  No later than the morning of the first day of trial, counsel for each party shall file with the Clerk of Court an original and four (4) copies of the following:

(a)    A witness list containing the name of every proposed witness;

(b)    A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

(c)    Stipulations concerning the authenticity of as many proposed exhibits as possible; and

(d)    An exhibit list.

**H.**    **EXHIBIT NOTEBOOKS:**  If counsel for any party intends to tender more than ten (10) documentary exhibits, counsel for that party shall prepare <u>ten (10) identical exhibit notebooks</u>, or sets of exhibit notebooks.  Each exhibit notebook, or set of exhibit

notebooks, shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks.

Ten (10) identical exhibit notebooks, or sets of exhibit notebooks, are necessary so that the witness and court personnel each have an exhibit notebook, or set of exhibit notebooks.

**I.** **FORMAT FOR EXHIBIT LIST:** In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit lists:

<u>Exhibit #</u>              <u>Description</u>              <u>Identified by</u>              <u>Admitted</u>

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.

**J.** **PUBLISHING DOCUMENTS TO THE JURY:** With regard to any documents that counsel intends to publish to the jury, counsel are expected to provide a sufficient number of copies for each juror, opposing counsel, the Court, and an original for filing.

**K.** **ASSESSMENT OF JURY COSTS:** Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the court may assess all jurors, costs, including marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

**VII.**

**MEDIATION:** This case is not consdiered suitable for mediation.

# VIII.

A.    **OUT-OF-DISTRICT COUNSEL:**  Out-of-district counsel are advised that they may appear without counsel who are residents of this district, but that, if they so appear, they will be held to the same Standards of promptness and availability and attendance at all proceedings as counsel who live in this district.

1.    Out of town counsel:

(a)    Defendants:

Warren Stern
Marc Wolinsky
Thad Davis
Jonathan Moses
Wachtell Lipton Rosen & Katz
51 West 52nd Street
New York, NY 10019
(212) 403-1000

(b)    Plaintiffs:

Stuart H. Savett
Robert P. Frutkin
Barbara A. Podell
Savett Frutkin Podell & Ryan, P.C.
325 Chestnut Street, Suite 700
Philadelphia, PA 19106
(215) 923-5400

Deborah R. Gross
Law Offices Bernard M. Gross, P.C.
1500 Walnut St. 6th Floor
Philadelphia, PA 19102
(215) 561-3600

Richard Appleby
Law Office of Richard Appleby
39 Broadway, Suite 2705
New York, NY 10006
(212) 344-1800

RECEIVED
CLERK'S OFFICE

99 JAN 29 A 10: 27

Jeffrey S. Nobel
Schatz & Nobel, P.C.
216 Main Street
Hartford, CT 06106
(860) 493-6292

Mark C. Gardy
James Notis
Abbey Gardy & Squitieri, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700

Martin D. Chitwood
Christi C. Mobley
Corey D. Holzer
Chitwood & Harley
2900 Promenade II
1230 Peachtree St., NE
Atlanta, GA 30309
(404) 873-3900

Martin M. Green
Joe D. Jacobson
Green Schaaf & Jacobson, PC
7733 Forsyth Boulevard
Suite 700
Clayton, MO 63105
(314) 862-6800

Jules Brody
Stull Stull & Brody
6 East 45th Street
Suite 500
New York, NY 10017
(212) 687-7230

Vincent R. Cappucci
Entwistle & Cappucci LLP
400 Park Avenue
New York, NY  10022-4406
(212) 894-7200

Clinton A. Krislov
Krislov & Associates, Ltd.
222 North LaSalle Street
Suite 2120
Chicago, IL  60601

Peter Harrar
Robert Abrams
Wolf Haldenstein Adler Freeman & Herz
270 Madison Avenue
New York, NY  10016
(212) 545-4600

This list shall be supplemented with additional out-of-district counsel in the event that the MDL

Panel determines that consolidated pretrial proceedings should proceed in this District.

**B.**     **SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER:**

Failure to comply with any of the provisions of this order which causes added delay or

expenses to the Court may result in the imposition of sanctions.

## IX.

**A.**     **RESERVATION:**  In the event that the MDL panel determines that consolidated pretrial

proceedings should proceed in another District, this Order shall be vacated.

This the 2 1st day of Dec , 1998

Graham C. Mullen
United States District Judge

-13-

pab

United States District Court
for the
Western District of North Carolina
December 22, 1998

* * MAILING CERTIFICATE OF CLERK * *

Re:  3:98-cv-00467

True and correct copies of the attached were mailed by the clerk to the following:

        Allen A. Bailey, Esq.
        Bailey Patterson Caddell & Bailey, P. A.
        301 South McDowell Street
        Suite 502
        Charlotte, NC  28204

        Emery E. Milliken, Esq.
        Bailey, Patterson, Caddell, Haart, Milliken & Bailey, PA
        301 South McDowell Street
        Suite 502
        Charlotte, NC  28204

        Stuart H. Savett, Esq.
        Savett Frutkin Podell & Ryan, P.C.
        325 Chestnut Street
        Suite 700
        Philadelphia, PA  19106

        Robert P. Frutkin, Esq.
        Savett Frutkin Podell & Ryan, P.C.
        325 Chestnut Street
        Suite 700
        Philadelphia, PA  19106

        Barbara A. Podell, Esq.
        Savett Frutkin Podell & Ryan, P.C.
        325 Chestnut Street
        Suite 700
        Philadelphia, PA  19106

        Richard Appleby, Esq.
        39 Broadway
        Suite 2705
        New York, NY  10006

        George C. Covington, Esq.
        Kennedy, Covington, Lobdell & Hickman
        NationsBank Corporate Center
        100 No. Tryon St., Suite 4200
        Charlotte, NC  28202-4006

Marc Wolinsky, Esq.
Wachtell, Lipton, Rosen & Katz
51 W. 52nd St.
New York, NY  10019-6188

Warren R. Stern, Esq.
Wachtell, Lipton, Rosen & Katz
51 W. 52nd St.
New York, NY  10019-6188

Bernard M. Gross, Esq.
1500 Walnut Street
6th Floor
Philadelphia, PA  19102

Deborah R. Gross, Esq.
1500 Walnut Street
6th Floor
Philadelphia, PA  19102

Andrew Schatz, Esq.
Schatz & Nobel
216 Main Street
Hartford, CT  06106

Jeffrey S. Nobel, Esq.
Schatz & Nobel
216 Main Street
Hartford, CT  06106

Mark C. Gardy, Esq.
Abbey Gardy & Squitieri, LLP
212 E. 39th St.
New York, NY  10016

James Notis, Esq.
Abbey Gardy & Squitieri, LLP
212 E. 39th St.
New York, NY  10016

Martin D. Chitwood, Esq.
Chitwood & Harley
2900 Promenade II
1230 Peachtree St., NE
Atlanta, GA  30309

Corey D. Holzer, Esq.
Chitwood & Harley
2900 Promenade II
1230 Peachtree St., NE
Atlanta, GA  30309

Christi C. Mobley, Esq.
Chitwood & Harley
2900 Promenade II
1230 Peachtree St., NE
Atlanta, GA  30309

Martin M. Green, Esq.
Green Schaaf & Jacobson, PC

Joseph Jacobson, Esq.
Green Schaaf & Jacobson, PC
7733 Forsyth Boulevard
Suite 700
Clayton, MO  63105

Jules Brody, Esq.
Stull, Stull & Brody
6 East 45th St.
New York, NY  10017

Vincent R. Capucci, Esq.
Entwistle & Capucci LLP
400 Park Avenue
New York, NY  10022

Clinton A. Krislov, Esq.
Krislov & Associates, LTD
222 North LaSalle St.
Suite 2120
Chicago, IL  60621

Daniel W. Krasner, Esq.
WOLF, HALDENSTEIN, ADLER, FREEMAN & HERZ
270 Madison Ave.
New York, NY  10016

cc:
Judge                        ( )
Magistrate Judge             ( )
U.S. Marshal                 ( )
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Court Reporter               ( )
Courtroom Deputy             ( )
Orig-Security                ( )
Bankruptcy Clerk's Ofc.      ( )
Other_____       ( )

Date: 12/30/98

Frank G. Johns, Clerk

By: _____
          Deputy Clerk

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## **PROOF OF SERVICE**

JAN 29 1999

I, Thad A. Davis, hereby certify that on this 28th day of January, 1999, I caused a
true and correct copy of the Supplemental Filing of Movants and this Proof of Service, to be
served by hand or overnight mail on the all of the parties to the pending related actions, through
their counsel as indicated below:

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION - PANEL ATTORNEY SERVICE LIST                    November 17, 1998

DOCKET: 1,264 - In re BankAmerica Corp., Securities Litigation                    *Page: 1*
STATUS: Pending

TRANSFEREE INFORMATION
    Dist:
    Judge:

| ATTORNEY - FIRM | REPRESENTED PARTY(s) |
|---|---|
| Abrams, Robert<br>Wolf, Haldenstein, Adler, Freeman & Herz<br>270 Madison Avenue<br>New York, NY  10016 | => Lewis, Deborah S.*; Piven, Sylvia B.* |
| Berger, Daniel L.<br>Bernstein, Litowitz, Berger & Grossman, LLP<br>1285 Avenue of the Americas<br>New York, NY  10019 | => Cipollino, Joseph |
| Block, Jeffrey C.<br>Berman, DeValerio & Pease, L.L.P.<br>One Liberty Square<br>8th Floor<br>Boston, MA  02109 | => Schier, Philip* |
| Brody, Jules<br>Stull, Stull & Brody<br>6 East 45th Street<br>Suite 500<br>New York, NY  10017 | => Zucker, Murray |
| Gross, Deborah R.<br>Law Offices of Bernard M. Gross<br>1500 Walnut Street, 6th Floor<br>Philadelphia, PA  19102 | => Braker, Herbert*; Chess, Shirley* |
| Hufford, D. Brian<br>Pomerantz, Haudek, Block, Grossman & Gross<br>100 Park Avenue<br>26th Floor<br>New York, NY  10017 | => Goldman, Richard J.* |
| Kaboolian, Nancy<br>Abbey, Gardy & Squitieri, L.L.P.<br>212 East 39th Street<br>New York, NY  10016 | => Kaiser, Selma*; Luparello, Leo*; Salvati, Eugene P.* |
| Levy, Lester L.<br>Wolf, Popper, Ross, Wolf & Jones, LLP<br>845 Third Avenue<br>New York, NY  10022 | => Lawson, Carol* |
| Plasse, Jonathan M.<br>Goodkind, Labaton, Rudoff & Sucharow, LLP<br>100 Park Avenue<br>New York, NY  10017 | => Verkouteren, T. Robert* |
| Podell, Barbara A.<br>Savett, Frutkin, Podell & Ryan, P.C.<br>325 Chestnut Street<br>Suite 700<br>Philadelphia, PA  19106 | => Belman, Phyllis A.* |
| Press, Ira M.<br>Kaufman, Malchman, Kirby & Squire, L.L.P.<br>919 Third Avenue<br>11th Floor<br>New York, NY  10022 | => Rothstein, Lani* |
| Stern, Warren R.<br>Wachtell, Lipton, Rosen & Katz | => BankAmerica Corp.*; Coulter, David A*; Hance, Jr., James H.*; McColl, Hugh L.*;<br>McColl, Jr., Hugh L.*; Nationsbank Corp.*; Roethe, James N.* |

NOTE: Please refer to the title page for complete report scope and key.
    *    Signifies that an appearance was made on behalf of the party by the representing attorney.
    #    Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
    NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.

| ATTORNEY - FIRM | REPRESENTED PARTY(s) |
|---|---|

51 West 52nd Street
New York, NY  10019

NOTE: Please refer to the title page for complete report scope and key.
   *   Signifies that an appearance was made on behalf of the party by the representing attorney.
   #   Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
   NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.

Counsel for Phyllis A. Belman,

Emery E. Milliken
Bailey, Patterson, Caddell, Hart, Milliken &
    Bailey, P.A.
301 South McDowell Street, Suite 502
Charlotte, NC  28204-2622
Telephone: (704) 333-8612
Facsimile: (704) 333-5279

Richard Appleby
39 Broadway, Suite 2705
New York, NY  10006
Telephone: (213) 344-1800


Counsel for Herbert Braker and Shirley Chess,

Emery E. Milliken
Bailey, Patterson, Caddell, Hart, Milliken &
    Bailey, P.A.
301 South McDowell Street, Suite 502
Charlotte, NC  28204-2622
Telephone: (704) 333-8612
Facsimile: (704) 333-5279


Counsel for Richard J. Goldman,

David Jaroslawicz
Jaroslawicz & Jaros
150 Williams Street
New York, NY  10038
Telephone: (212) 227-2780


Counsel for Selma Kaiser,

Faruqi & Faruqi, LLP
415 Madison Avenue
New York, NY 10017
Telephone: (212)986-1074

Schiffrin Craig & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004-3481
Telephone: (610) 667-7706


Counsel for Carol Lawson,

Jeffrey C. Block
Berman DeValerio & Pease, LLP
One Liberty Square
Boston, MA  02109
Telephone: (617) 542-8300


Counsel for Leo Luparello,

James V. Bashian
Law Offices of James V. Bashian, P.C.
500 Fifth Avenue, Suite 2800
New York, NY  10010
Telephone: (212) 921-4110

Counsel for Lani Rothstein,

William S. Lerach
Milberg Weiss Bershad Hynes & Lerach LLP
600 West Broadway, Suite 1800
San Diego, CA  92101-5050
Telephone: (619) 231-1058

Counsel for Philip Schier,

Joseph J. Tabacco, Jr.
Berman, DeValerio, Pease & Tabacco
425 California Street, Suite 2025
San Francisco, California  94104-2205
Telephone: (415) 433-3200

Stephen D. Oestreich
Wolf Popper LLP
845 Third Avenue
New York, NY  10022
Telephone: (212) 759-4600

Counsel for Eugene J. Howard and Brian R. Butler,

Jeffrey G. Smith
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY  10016
Telephone: (212) 545-4600

Counsel for Eugene P. Salvati,

Alfred G. Yates
Law Offices of Alfred G. Yates, Jr.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
Telephone: (412) 391-5164

Counsel for Willard G. Franks Trust,

Clinton A. Krislov
Krislov & Associates, Ltd.
222 Norht LaSalle St., Suite 2120
Chicago, IL  60601
Telephone: (312) 606-0500

Robert C. Wilson
Wilson & Cape
105 S. Commercial
PO Box 544
Harrisburg, IL  62946
Telephone: (618) 252-5304

Counsel for Kathryn M. Johnston,

Marvin L. Frank
Rabin & Peckel LLP
275 Madison Avenue
34th Floor
New York, NY  10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

Counsel for Carl J. Mondello,

D. Brian Hufford
Pomerantz Haudek Block Grossman & Gross
100 Park Avenue
New York, NY 10017
Telephone: (212) 661-1100

Andrew N. Friedman
Cohen, Milstein, Hausfeld & Toll, PLLC
1100 New York Avenue, NW
Suite 500 - West Tower
Washington, DC 20005
Telephone: (202) 408-4600


Counsel for Eleanor Satterfield,

Emery E. Milliken
301 South McDowell Street, Suite 502
Charlotte, NC 28204-2622
Telephone: (704) 333-8612

Jeffrey S. Nobel
Schatz & Nobel
216 Main Street
Hartford, CT 06106
Telephone: (860) 493-6292


Counsel for John W. Roob,

Curtis V. Trinko
Law Offices of Curtis V. Trinko LLP
16 West 46th Street
7th Floor
New York, NY 10036
Telephone: (212) 490-9550


Counsel for Michael Spitzer,

Robert J. Berg
Bernstein Liebhard & Lifshitz
274 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218


Counsel for Walter E. Ryan Jr.,

Clinton A. Krislov
Krislov & Associates, Ltd.
222 North LaSalle Street, Suite 2120
Chicago, IL 60601
Telephone: (312) 606-0500

Andrew J. Ogilvie
Kemnitzer, Anderson, Barron & Ogilvie
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 861-2265

Counsel for Connie Middlekauff,

Steven G. Schulman
Milberg Weiss Bershad Hynes & Lerach LLP
One Penn Plaza
49th Floor
New York, NY  10119
Telephone: (212) 594-5300

William S. Lerach
Milberg Weiss Bershad Hynes & Lerach LLP
600 West Broadway
Suite 1800
San Diego, CA  92101-5050
Telephone: (619) 231-1058

David R. Scott
Brian J. Robbins
Scott & Scott LLC
108 Norwich Avenue
Colchester, CT  06415

Marc H. Edelson
Hoffman & Edelson
45 W. Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043

Martin D. Chitwood
Chitwood & Harley
1230 Peachtree Street, Suite 2900
Atlanta, GA  30309
Telephone: (404) 873-3900

Counsel for B Eugene Schneider, et al.,

Martin M. Green
Green Schaaf & Jacobson, P.C.
7733 Forsyth Blvd., Suite 700
Clayton, MO  63105
Telephone: (314) 862-6800

Counsel for Bruce Montague,

Klari Neuwelt
110 East 59th Street, 29th Floor
New York, NY  10022
Telephone: (212) 593-8800

In addition, I hereby certify that on this 28th day of January, 1999, I caused a true and correct copy of the Supplemental Filing of Movants and this Proof of Service, to be delivered by hand or overnight mail for filing to the Clerk of each of the following courts, representing all of the courts in which an action is pending that will be affected by the Motion; and, additionally, a copy was sent to the Chambers of the Honorable Lewis A. Kaplan, United States District Judge, Southern District of New York, at his request:

Robert C. Heinemann
Clerk of Court for Eastern District of
   New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY  11201
Telephone: (718) 260-2600

James M. Parkison
Clerk of Court for Southern District of
   New York
U.S. District Court
500 Pearl Street
New York, NY  10007
Telephone: (212) 805-0136

Frank G. Johns
Clerk of Court for Western District of
   North Carolina
210 Charles R. Jonas Federal Building
401 West Trade Street
Charlotte, NC  28202
Telephone: (704) 350-7400

Richard W. Wieking
Clerk of Court for Northern District of
   California
450 Golden Gate Avenue
P.O. Box 36060
San Francisco, CA  94102
Telephone: (415) 522-2000

Norbert G. Jaworski
Clerk of Court for Southern District of Illinois
U.S. Courthouse
301 West Main Street
Benton, IL  62812
Telephone: (618) 438-0671

Robert D. St. Vrain
Clerk of Court for Eastern District of Missouri
U.S. Court & Custom House
1114 Market St.
St. Louis, MO  63101
Telephone: (314) 539-2315

Chambers of the Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
U.S. District Court
500 Pearl Street
New York, New York 10007

Thad A. Davis
Counsel for Movants